The document below is hereby signed.

Signed: May 24, 2013



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
ONYINYE LAPREA A. JIDEANI,         )   Case No. 13-00096
                                   )   (Chapter 7)
            Debtor.                )   **Not for Publication in**
                                   )   **West's Bankruptcy Reporter**

MEMORANDUM DECISION AND ORDER RE MOTION TO AVOID
NONPOSSESSORY, NON-PURCHASE-MONEY SECURITY INTEREST

The debtor has filed a Motion to Avoid Nonpossessory, Non-Purchase-Money Security Interest (Dkt. No. 18).  The motion seeks to avoid a lien on the debtor's motor vehicle pursuant to 11 U.S.C. § 522(f).  In her motion, the debtor states that she borrowed $14,500 from the DC Teachers Federal Credit Union ("Federal Credit Union"), and in exchange, she executed a note and security agreement granting Federal Credit Union a security interest in her vehicle.  The debtor contends that the funds do not represent any of the purchase money used to acquire the vehicle, that the vehicle "is held primarily for the family and household use of the debtor(s) and their dependants [sic]," and that the lien impairs an exemption to which the debtor would

otherwise be entitled under 11 U.S.C. § 522(b).  Even if Federal Credit Union's lien is not a purchase money security interest (a fact disputed by Federal Credit Union), the debtor cannot avoid the lien under § 522(f)(1)[1] because that provision does not apply to non-judicial liens on motor vehicles owned for personal, family, or household use.  Accordingly, the debtor's motion will be denied.

---

[1] Section 522(f)(1) of 11 U.S.C. provides as follows:

(f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is -

    (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5); or -

    (B) a nonpossessory, nonpurchase-money security interest in any -

        (i) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

        (ii) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

        (iii) professionally prescribed health aids for the debtor or a dependent of the debtor.

I

Section 522(f)(1)(B)(i) permits a debtor to avoid the fixing of a lien to the extent the lien impairs the debtor's exemption of "household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor." Section 522(f)(4)(B)(v) clarifies that "[t]he term 'household goods' does not include . . . a motor vehicle . . . ." Because motor vehicles are not among the items listed, and are expressly excluded from the definition of household goods, the debtor cannot rely upon this provision to avoid Federal Credit Union's lien. *See In re Ulrich,* 203 B.R. 691, 693 (Bankr. C.D. Ill. 1997) ("Automobiles are not included in the list of exempt property upon which a debtor may avoid a nonpossessory, non-purchase-money security interest.") ;*In re Yokley*, 42 B.R. 574, 575 (Bankr. Ala. 1984) (automobile is not household goods and debtor cannot avoid creditor's nonpossessory, nonpurchase-money security interest in his car under § 522(f)).

Section 522(f)(1)(B)(ii) permits a debtor to avoid the fixing of a lien to the extent the lien impairs the debtor's exemption of "implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor . . .

3

. ."[2]  The debtor here has alleged that the vehicle "is held primarily for the family and household use of the debtor(s) and their dependents," not as a tool of trade.  Accordingly, § 522(f)(1)(B)(ii) does not apply.

Section 522(f)(1)(B)(iii) provides that a debtor may avoid the fixing of a lien under § 522(f)(1) on "professionally prescribed health aids for the debtor or a dependent of the debtor."  A motor vehicle does not fall within this narrow category of property, and this Code provision is thus inapplicable.

Finally, the debtor does not allege, and there is nothing in the record to suggest, that Federal Credit Union's security interest is a judicial lien within the meaning of § 522(f)(1)(A).  Accordingly, the debtor cannot look to § 522(f)(1)(A) to avoid Federal Credit Union's lien.  In short, there is no basis upon which the debtor can avoid Federal Credit Union's lien under § 522(f).

II

The debtor's reply brief raises for the first time the argument that the lien is avoidable as a preferential transfer under 11 U.S.C. § 547(b).  As a preliminary matter, Rule 7001

---

[2] Some courts have held that a lien on a motor vehicle can be avoided under 11 U.S.C. § 522(f)(1)(B)(ii) if the debtor can show that the motor vehicle is a tool of the debtor's trade. *See In re Garcia*, 709 F.3d 861 (9th Cir. 2013).

4

requires that an action to avoid a preferential transfer be brought as an adversary proceeding.  Thus, the debtor's request for relief under § 547(b) in support of a motion filed in the debtor's main bankruptcy case is procedurally improper.  More importantly, § 547(b) grants avoidance powers only to the trustee, not the debtor.  Therefore, even if the debtor's request to avoid the lien under § 547(b) did not suffer from a procedural defect, the debtor lacks standing to pursue avoidance of the lien under § 547(b).  *See In re Higgins*, 270 B.R. 147 (Bankr. S.D.N.Y. 2001) (no statutory authority to permit chapter 7 debtor to bring avoidance action under § 547(b) to avoid his own voluntary transfer).[3]  Accordingly, the debtor's request to avoid Federal Credit Union's lien under § 547(b) is denied.

III

For all of these reasons, it is

ORDERED that the debtor's Motion to Avoid Nonpossessory, Non-Purchase-Money Security Interest (Dkt. No. 18) is DENIED.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.

---

[3] In limited circumstances not present here, § 522(h) confers standing on debtors to avoid transfers under § 547(b). Debtors cannot rely on § 522(h) to avoid a voluntary transfer such as the consensual lien at issue in this proceeding. *See* 11 U.S.C. § 522(g)(1); *In re Nutting*, 44 B.R. 233, 238 ("no debtor may avoid a consensual lien under Code section 522(h)").